NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DONALD EDWARD STABLES, JR., *Appellant.*

No. 1 CA-CR 19-0184
FILED 2-11-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201800855
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**W I N T H R O P**, Judge:

**¶1**        Donald Edward Stables, Jr., ("Appellant") was convicted and sentenced by a jury of one count of possession of dangerous drugs and one count of possession of drug paraphernalia.   This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for Appellant advised this court that she has searched the record and has found no arguable question of law that is not frivolous.  She requests this court conduct its own independent review of the record for fundamental error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error).  This court gave Appellant the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

**¶2**        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm.

## FACTS[2] AND PROCEDURAL HISTORY

**¶3**        On May 28, 2018, Deputy Wilbert Jones initiated an investigation at a gas station in north Kingman.  Deputy Jones contacted an individual named Walter Major, and found Mr. Major had approximately 14 grams of methamphetamine in his possession.  Mr. Major indicated he was selling methamphetamine in return for a place to stay and then

---

[1]        Absent material changes from the date of the alleged offenses, we cite to the current versions of all statutes and rules.

[2]        "We view the evidence in the light most favorable to sustaining the verdicts and resolve all inferences against appellant."  *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

provided Deputy Jones the address of the house in which he had been staying.

¶4        Two hours later, Deputy Jones and another officer proceeded to the address given by Mr. Majors.  There, they found Appellant outside the residence with another man, R.H.  While the other officer began to speak with R.H., Deputy Jones asked Appellant if he was involved in selling drugs.  Appellant said he was not, but admitted he was in possession of a small amount of marijuana and allowed Deputy Jones to enter his home.

¶5        Inside the home, Appellant pointed out a small container of marijuana lying on a bed.  Deputy Jones also observed a clear glass pipe on a dresser in the room, which Appellant admitted belonged to him.  Appellant also admitted he had used methamphetamine the previous day.  As Deputy Jones further searched the room, he found a second glass pipe in a pair of boots, as well as a plastic bag containing two clear bags of a white crystalline substance found under some clothes in a laundry hamper.  The substance was later tested and confirmed to be methamphetamine, weighing 58.3 grams in total.

¶6        Appellant was charged with possession of dangerous drugs for sale (methamphetamine) as a class two felony and possession of drug paraphernalia (methamphetamine) as a class six felony.  The State also alleged and proved two prior felony convictions.

¶7        Prior to trial, the court ruled on a motion in limine and allowed select text messages from Appellant's phone to be entered into evidence.  At trial, Detective Aaron Devries explained how he extracted the text messages off of Appellant's phone and testified that the messages indicate Appellant had given methamphetamine to a woman to sell and was expecting repayment.  Detective Devries also testified that the amount of drugs found in an investigation can be indicative of sale, with larger amounts suggesting a higher probability that an individual is selling the drugs as opposed to keeping them for personal use.  Detective Devries explained that he generally investigates for sale of drugs if more than a 16th of an ounce is found (approximately 4.5 grams).  In addition, Deputy Jones testified that he recognized the two glass pipes found in Appellant's home as pipes used to smoke methamphetamine.

¶8        After presentation of the evidence, the jury found Appellant not guilty of possession of dangerous drugs for sale (methamphetamine), but guilty of the lesser-included offense of possession of dangerous drugs (methamphetamine) as a class four felony.  The jury also found Appellant

guilty of possession of drug paraphernalia (methamphetamine) as a class six felony. After weighing the aggravating and mitigating factors, the court sentenced Appellant to 2.25 years in prison for the drug possession count and .75 of a year in prison for the paraphernalia count, both sentences to run concurrently, with 193 days of presentence incarceration credit. Appellant filed a timely notice of appeal.

## ANALYSIS

**¶9** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The record reflects the proceedings were conducted in compliance with Appellant's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure. Appellant was represented by counsel at all stages of the proceedings, and he was present during all critical stages.

**¶10** The court properly considered the State's motion in limine regarding admittance of Appellant's text messages into evidence and ruled that the messages to be admitted were relevant and not hearsay.

**¶11** The State presented sufficient evidence to support Appellant's convictions for both counts, and the jury was properly comprised of eight members. There was no evidence of jury misconduct or deadlock, and the court properly instructed the jury on the elements of the charges, the State's burden of proof, the presumption of innocence, and the need for a unanimous verdict. The jury returned a unanimous verdict, and the court ultimately imposed legal sentences for the crimes of which Appellant was convicted.

**¶12** Upon filing of this decision, Appellant's counsel shall inform Appellant of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶13 For the foregoing reasons, we affirm Appellant's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: AA